IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DANIEL HOLT | § | |
|     TDCJ-CID #1473850 | § | |
| | § | |
| VS. | § | C.A. NO. C-07-406[1] |
| | § | |
| DR. QUAZI IMAM | § | |

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO DISMISS**

In this civil rights action, plaintiff, a Texas state prisoner proceeding *pro se* and *in forma pauperis*, complains that defendant Dr. Quazi Imam was deliberately indifferent to his serious medical needs when he changed his medications while he was confined at the Nueces County Jail. (D.E. 1). Defendant moves to dismiss the action for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (D.E. 32). For the reasons stated herein, defendant's motion to dismiss is denied.

**I.  Jurisdiction.**

The Court has federal question jurisdiction. 28 U.S.C. § 1331.

---

[1] Defendant has consistently placed the wrong civil action number on his pleadings. (See D.E. 27, 28, 29, 30, 32). Defendant is advised that "C.A. C-07-381" is ***NOT*** the correct number, and is cautioned that failure to provide the correct civil action number as appears above in the Court's style of the case could result in his pleadings being mis-filed or struck.

## II. Background and plaintiff's allegations.

By letter dated October 17, 2007,[2] plaintiff advised the Court that he had not received his medications for controlling his mental illness while in custody at the Nueces County Jail over the last seven weeks. (D.E. 1). A <u>Spears</u>[3] hearing was conducted on October 26, 2007. On November 2, 2007, plaintiff filed an amended complaint. (D.E. 15). The following allegations were made in plaintiff's original complaint, amended complaint, or at the hearing.

On August 24, 2007, plaintiff was arrested and taken to the Nueces County Jail. (D.E. 15 at 3). The next day, he met with Dr. Imam, the jail psychiatrist. <u>Id.</u> Plaintiff told Dr. Imam that he was currently taking three medications to control his bipolar disorder: (1) a mood stabilizer; (2) an antidepressant; and (3) 300 mg. of Trazodone for anxiety. <u>Id.</u> Dr. Imam discontinued his antidepressant altogether, and reduced by half his dose of Trazodone. <u>Id.</u>

Plaintiff testified that, as a result of his medications being altered, his mental health has deteriorated. He submitted ten (10) inmate communication forms ("ICF") to the jail medical department requesting that he be prescribed his antidepressant, that his Trazodone

---

[2] Plaintiff's letter was construed as an original complaint filed pursuant to 42 U.S.C. § 1983.

[3] <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985); <u>see also</u> <u>Eason v. Holt</u>, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a <u>Spears</u> hearing is incorporated into the pleadings).

be increased, or that be seen by Dr. Imam; however, his ICFs were not answered.[4]  (D.E. 15 at 3).

Following the evidentiary hearing, service was ordered on Dr. Imam.  (D.E. 19).  On January 2, 2008, Dr. Imam, proceeding *pro se,* filed an Answer.  (D.E. 21).  On January 15, 2008, a status conference was held.  On January 28, 2008, Dr. Imam, through retained counsel, filed his motion to dismiss (D.E. 32) and memorandum in support of his motion to dismiss.  (D.E. 27).  On January 29, 2008, Dr. Imam filed an Amended Answer. (D.E. 28, 29, 33).

### III.    Section 1983 claims and Rule 12(b)(6) dismissals.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995).  Under Rule 12(b)(6), Fed. R. Civ. P., a case will not be dismissed for failure to state a claim unless plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Cuvillier v. Taylor, 503 F.3d 397, 401 n. 4 (5th Cir. 2007).  See also Oliver

---

[4] Plaintiff attached copies of two ICFs to his complaint.  (D.E. 1, attachments).  In an ICF dated September 15, 2007, plaintiff complains that he needs to speak to Dr. Imam about his sleep prescription and antidepressant.  He notes that this is his fourth request.  In an ICF dated September 29, 2007,  plaintiff relates that he was diagnosed with bipolar disorder ten years ago and has been receiving his medications through Texas MHMR services.  He claims that Dr. Imam is prescribing him only a mood stabilizer and is refusing to see him.  The response states that the ICF was forwarded to the psych department.

v. Scott, 276 F.3d 736, 740 (5th Cir. 2002). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. Id.

**IV.   Discussion.**

In his original complaint and at the Spears hearing, plaintiff alleged that Dr. Imam was deliberately indifferent to his serious medical needs because he changed his bi-polar medications, but then refused to follow-up on how the new medication regime was working, despite the fact that plaintiff complained repeatedly that the medications were not working and that he wanted to see the psychiatrist.

Deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle v. Gamble, 429 U.S. 97, 105 (1976). "Deliberate indifference describes a state of mind more blameworthy than negligence"; there must be "more than ordinary lack of due care for the prisoner's interests or safety." Farmer v. Brennan, 511 U.S. 825, 835 (1994) (construing Estelle, 429 U.S. at 104). To establish an Eighth Amendment violation, an inmate must show that a prison official "act[ed] with deliberate indifference [and] exposed a prisoner to a sufficiently substantial risk of serious damage to his future health." Id. at 37.

A mere disagreement with the level and type of treatment is not actionable under the Eighth Amendment. Estelle, 429 U.S. at 107; Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997); Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Young v. Gray, 560 F.2d 201 (5th Cir. 1977). An incorrect diagnosis does not state an Eighth Amendment claim because the deliberate indifference standard has not been met. Domino v. Texas Dep't of

Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001). A "plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Id. (quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)). Delay in treatment may be actionable under § 1983 only if there has been deliberate indifference and the delay results in substantial harm. Stewart v. Murphy, 174 F.3d 530, 537 (5th Cir. 1999); Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993). Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. Banuelos, 41 F.3d at 235.

The question of whether a complaint fails to state a claim on which relief may be granted for the purposes of § 1915A screening is governed by the same pleading standards of Rule 12(b)(6). Woods v. Chapman, 239 Fed. Appx. 35, 37 (5th Cir. 2007); Black v. Warren, 134 F.3d 732, 733-34 (5th Cir. 1998) (noting that § 1915A(b)(1), § 1915(e)(2)(B)(ii), and Rule 12(b)(6) all employ the same language "failure to state a claim upon which relief may be granted"). Under Rule 12(b)(6), "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1974 (2007). Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do". Bell Atlantic, 127 S. Ct. at 1964-65. Further, the Supreme

5

Court has held that when reviewing *pro se* complaints, the court must employ less stringent standards and construe the pleadings more liberally.  Estelle v. Gamble, 429 U.S. 97, 106 (1976).

In this case, plaintiff provided sufficient detail in his complaint, amended complaint, and at the Spears hearing to state a claim of deliberate indifference against Dr. Imam.  He established that he suffers from bi-polar disorder and that he was taking medications that controlled his disorder for the past ten years.  He further alleged that, upon his entering the Nueces County Jail, his medications were changed after one meeting with Dr. Imam, and that Dr. Imam refused to see him or answer his complaints thereafter.  These are the elements of § 1983 deliberate indifference claim, and plaintiff provided sufficient detail to survive § 1915A screening, and to order service on Dr. Imam.  (D.E. 19).

Conversely, defendant offers no viable Rule 12(b)(6) grounds to dismiss.  He states only that plaintiff "did not allege any acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  (D.E. 27 at ¶ 7).  To the contrary, plaintiff alleges both acts and omissions.  Plaintiff testified that he was suffering from bi-polar disorder and that Dr. Imam was aware of his condition based on his evaluation of plaintiff the day after his arrest, plus plaintiff's repeated ICFs that were all directed to the medical department.  Plaintiff further claimed that, despite Dr. Imam's knowledge of plaintiff's condition and complaints, Dr. Imam refused to change plaintiff's medications back to those previously prescribed by the Texas MHMS physicians for the past ten years, or to meet with plaintiff to discuss his concerns in person.

Moreover, defendant misstates the law arguing: "In the medical context, a failure to provide adequate medical care cannot be a violation of the eighth amendment." (D.E. 27 at ¶ 7). Indeed, the authorities cited above stand for the proposition that failure to provide adequate medical care can indeed amount to a constitutional violation if the plaintiff can demonstrate a serious medical need and that the defendant knew, or should have known about the need, then failed to provide adequate care. See Farmer, 511 U.S at 835; Estelle, 429 U.S. at 104. Plaintiff has stated a claim of deliberate indifference against Dr. Imam.

**IV.   Conclusion**.

Plaintiff has sufficiently stated a claim upon which relief can be granted against Dr. Imam sufficient for withstanding § 1915A screening and defendant's Rule 129b(6) motion. Accordingly, the motion to dismiss is denied in all things.

ORDERED this 17th day of April, 2008.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE